An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-491

Filed 1 October 2025

New Hanover County, Nos. 21CRS055991-640, 22CRS052808-640

STATE OF NORTH CAROLINA

v.

RODNEY ELROY COBB

Appeal by defendant from judgments entered 30 January 2024 by Judge Richard Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 22 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General M. Lynne Weaver, for the State.*
>
> *Drew Nelson for the defendant-appellant.*

PER CURIAM.

## I. Background

Rodney Elroy Cobb ("Defendant"), a repeated convicted sex offender, was convicted by a jury of several crimes, including second degree rape, second degree sexual offense and interfering with witnesses, arising from his assault and rape of an adult woman in her home in July 2021. Defendant appeals the judgments of the

trial court entered consistent with the jury's verdicts.

## II. Issue

Defendant's sole argument on appeal asserts the trial court erred in denying Defendant's motion to dismiss the rape charge. He argues the victim's trial testimony tending to show Defendant had vaginally penetrated her with his penis was not credible.

## III. Standard of Review

In evaluating a defendant's motion to dismiss a criminal charge, a court views the evidence "in the light most favorable to the State," giving the State "every reasonable intendment and every reasonable inference to be drawn therefrom." *State v. Elder*, 383 N.C. 578, 586, 881 S.E.2d 227, 234 (2022) (citation omitted).

## IV. Analysis

Viewed in the light most favorable to the State, the evidence tends to show Defendant sexually assaulted and vaginally penetrated the victim. The victim testified Defendant had penetrated her by force, without consent, and against her will. A sexual assault examination at the New Hanover Regional Medical Center Emergency Department was performed by a sexual assault nurse examiner following the purported assault and revealed redness on the victim's vagina and showed injury, laceration and a tear on her genital area. Defendant's DNA was also found on the victim's genitalia.

Our Supreme Court held that "[t]he slightest penetration of the sexual organ

of the female by the sexual organ of the male is all that is required to prove vaginal intercourse." *State v. Bell*, 159 N.C. App. 151, 158, 584 S.E.2d 298, 303 (2003 (internal quotation and citation omitted). Defendant's argument is overruled.

## V. Conclusion

The State offered substantial evidence to overcome Defendant's motion to dismiss. The question of whether Defendant actually penetrated the sexual organ of the victim was properly addressed to and decided by the jury. The jury made its credibility determinations, supported findings and unanimous verdict, which we will not disturb on appeal. Defendant received a fair trial, free of reversible error he preserved and argued. Our review shows no error in the jury's verdicts or in the judgments entered thereon.

NO ERROR.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).